**DAIRYMEN, INC., Plaintiff-Appellant,**

v.

**FEDERAL TRADE COMMISSION, Michael Pertschuk, Paul Rand Dixon, David A. Clanton, Patricia P. Bailey and Robert Pitofsky, Defendants-Appellees.**

Nos. 81–5411, 81–5679.

United States Court of Appeals, Sixth Circuit.

Argued April 21, 1982.

Decided July 30, 1982.

Rehearing Denied Sept. 30, 1982.

D. Paul Alagia, Jr., Joseph M. Day, John S. Keck, Barnett & Alagia, Louisville, Ky., Richard A. Gladstone, William S. Glading, Barnett, Alagia & Carey, Morton Hollander, Washington, D. C., for plaintiff-appellant in both cases.

Ronald E. Meredith, Acting U. S. Atty., Louisville, Ky., Michael Tilley, Ann D. Nunn, John R. Wilson, Asst. U. S. Attys., Ted Hoppock, F.T.C., Washington, D. C., for defendants-appellees in No. 81–5411.

Morton Hollander, Barnett, Alagia & Carey, Washington, D. C., for plaintiff-appellant in No. 81–5679.

Joanne L. Levine, F.T.C., Washington, D. C., for defendants-appellees in both cases.

Ernest J. Isenstadt, W. Dennis Cross, Howard E. Shapiro, F.T.C., Washington, D. C., for defendants-appellees in No. 81–5679.

Before EDWARDS, Chief Judge, KENNEDY, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge.

Appellant Dairymen, Inc., appeals from two judgments denying it interlocutory relief from certain proceedings initiated by the Federal Trade Commission. In July 1980, the FTC issued an administrative complaint against Dairymen, an agricultural cooperative, after it had acquired Farmbest Foods, Inc., a dairy processor that had been privately owned, as opposed to cooperatively owned. The complaint alleged that the acquisition, by its anticompetitive effect, violated § 7 of the Clayton Act and § 5 of the Federal Trade Commission Act. Dairymen filed and the ALJ denied a motion to dismiss the complaint on the ground that agricultural cooperatives were exempt (under the Capper-Volstead Act, § 6 of the Clayton Act, and § 20(a) of the FTC Improvements Act of 1980) from the federal antitrust laws and the jurisdiction of the FTC. Dairymen then brought an action in the United States District Court for the Western District of Kentucky seeking a temporary restraining order barring any further administrative proceedings against it.

The District Judge issued a temporary restraining order and subsequently conducted a hearing as to whether a preliminary injunction should issue. Thereafter, the District Judge handed down a decision denying the preliminary injunction and dissolving the temporary restraining order. He held that no final agency action had

been taken that might call for judicial review under § 10(c) of the Administrative Procedure Act, 5 U.S.C. § 704 (1976). Subsequently a similar action was filed by Dairymen before another District Judge in the Western District of Kentucky who likewise dismissed the complaint for lack of final agency action, adding as alternative grounds the doctrines of res judicata and collateral estoppel in light of the preceding District Judge's decision.

We believe that these appeals present one dispositive issue, namely, whether the requirement of "final agency action" forbids judicial consideration of Dairymen's claim of exemption from the antitrust laws and the Federal Trade Commission Act until completion of the FTC proceedings. We hold that it does.

Section 10(c) of the Administrative Procedure Act, 5 U.S.C. § 704, provides as follows:

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

The first of the District Judges who heard this matter, Judge Thomas A. Ballantine, Jr., held as follows:

It is significant that the relief sought here is not judicial review of an agency decision, but rather a stay of the administrative discovery process pending a ruling on the motion to dismiss. However, at the hearing, counsel for DI expressed an intention to seek judicial review should the FTC decide against DI on its motion

for interlocutory review. The Court notes that judicial review in such a case would no doubt be precluded by the doctrine of exhaustion of administrative remedies, *McKart* [*v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969)], and the absence of a "final agency action" as required by Section 10(c) of the Administrative Procedure Act, 5 U.S.C. Section 704. [*FTC v. Standard Oil Co.*, 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980)].

The second of the District Judges, Judge Charles M. Allen, found as follows:

In the interest of judicial economy, however, we express the alternative opinion that the matter must be dismissed for lack of jurisdiction due to lack of final agency action. While we do not quarrel with the principle that there exists an exception to the requirement of final agency action when the agency is operating beyond its jurisdiction, this case does not present the opportunity to decide this issue on legal grounds alone.

This court agrees with the reasoning set forth above by each of the two named District Judges. *Cf. First National Monetary Corp. v. Commodity Futures Trading Commission*, 677 F.2d 522, 526 (6th Cir. 1982) (requirement of "final agency action" bars interlocutory judicial intervention when claim is that agency should proceed by rulemaking rather than adjudication).

We do not believe that Dairymen's reliance on *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), is appropriate. The *Leedom* Court authorized an exception to the general rule that forbids judicial interference with the regular course of administrative proceedings. In that case, the NLRB combined professional and nonprofessional employees in the same bargaining unit without the former's consent. This despite the fact that § 9(b)(1) of the National Labor Relations Act, 29 U.S.C. § 159(b)(1), declared that

the Board shall not ... decide that any unit is appropriate for such purposes if such unit includes both professional employees and employees who are not pro-

fessional employees unless a majority of such professional employees vote for inclusion in such unit.

An original suit was brought by the professional employees in federal district court to set aside the NLRB's action. The Supreme Court held that lack of completion of the prescribed administrative process did not bar the suit in district court.

> [The suit] is one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act. Section 9(b)(1) is clear and mandatory.... Plainly, this was an attempted exercise of power that had been specifically withheld. It deprived the professional employees of a "right" assured to them by Congress. Surely, in these circumstances, a Federal District Court has jurisdiction of an original suit to prevent deprivation of a right so given.

358 U.S. at 188–89, 79 S.Ct. at 183–84.

Dairymen argues that § 20(a) of the Federal Trade Commission Improvements Act of 1980, 94 Stat. 393, negates FTC jurisdiction, grants immunity from prosecution, or otherwise prevents the Commission from proceeding against any agricultural cooperative. Section 20(a) provides as follows:

> The Federal Trade Commission shall not have any authority to use any funds which are authorized to be appropriated to carry out the Federal Trade Commission Act (15 U.S.C. 41 et seq.) for fiscal year 1980, 1981, or 1982, under section 24 of such Act, as amended by section 17 and as so redesignated in section 13, for the purpose of conducting any study, investigation, or prosecution of any agricultural cooperative for any conduct which, because of the provisions of the Act entitled "An Act to authorize association of producers of agricultural products", approved February 18, 1922 (7 U.S.C. 291 et seq.), commonly known as the Capper-Volstead Act, is not a violation of any Federal antitrust Act or the Federal Trade Commission Act (15 U.S.C. 41 et seq.).

Recent cases have limited the *Leedom* exception to the exhaustion requirement to jurisdictional defects which are apparent on the face of the record, *California ex rel. Christensen v. FTC*, 549 F.2d 1321, 1324 (9th Cir.), *cert. denied*, 434 U.S. 876, 98 S.Ct. 227, 54 L.Ed.2d 156 (1977); *see generally FPC v. Louisiana Power & Light Co.*, 406 U.S. 621, 647, 92 S.Ct. 1827, 1841, 32 L.Ed.2d 369 (1972); *Boire v. Greyhound Corp.*, 376 U.S. 473, 480, 84 S.Ct. 894, 898, 11 L.Ed.2d 849 (1964), and in plain contravention of a statutory mandate, *Coca-Cola Co. v. FTC*, 475 F.2d 299, 303 (5th Cir.), *cert. denied*, 414 U.S. 877, 94 S.Ct. 121, 38 L.Ed.2d 122 (1973).

Our reading of § 20(a) simply does not agree with that urged upon us by Dairymen. As we understand the FTC proceeding, it is an investigation to determine whether or not Dairymen's conduct in acquiring Farmbest was a violation of federal antitrust laws or the Federal Trade Commission Act. Such a proceeding cannot be said to be in plain contravention of a statutory mandate on the face of the record before us. The mandate of § 20(a) is unlike the explicit prohibition contained in § 9(b)(1) of the NLRA, which was central to *Leedom*.

Dairymen also argues that the Secretary of Agriculture has exclusive jurisdiction over Capper-Volstead agricultural cooperatives to initiate Sherman or Clayton Act prosecutions. It is clear, however, that the Secretary's jurisdiction is not exclusive. *Maryland and Virginia Milk Producers Association, Inc. v. United States*, 362 U.S. 458, 462–63, 80 S.Ct. 847, 851, 4 L.Ed.2d 880 (1960) (Department of Justice); *United States v. Borden Co.*, 308 U.S. 188, 205–06, 60 S.Ct. 182, 191, 84 L.Ed. 181 (1939) (Department of Justice). Whether the FTC stands on the same footing as the Department of Justice under *Milk Producers* and *Borden* must initially be determined by the administrative agency. Once again it is not apparent on the face of the record that the FTC is acting "in excess of its delegated powers and contrary to a specific [statutory] prohibition." *Leedom v. Kyne*, 358 U.S. at 188, 79 S.Ct. at 183.

380

The judgments previously entered in the two District Courts in the Western District of Kentucky are hereby affirmed.