**FIRST NATIONAL BANK OF GRAYSON, Grayson, Kentucky, Plaintiff-Appellant,**

v.

**C.T. CONOVER, Comptroller of the Currency, Defendant-Appellee.**

No. 82–5722.

United States Court of Appeals, Sixth Circuit.

Argued April 29, 1983.

Decided June 7, 1983.

Robert F. Houlihan, Jr. (argued), Stoll, Keenon & Park, Thomas C. Jacobs, Sturgill, Turner & Truitt, Lexington, Ky., for plaintiff-appellant.

Howard N. Cayne (argued), Comptroller of the Currency, Ronald R. Glancz, U.S. Treasury Dept., Andrea Newmark, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before JONES and WELLFORD, Circuit Judges, and WEICK, Senior Circuit Judge.

WELLFORD, Circuit Judge.

On July 14, 1982, after a federal criminal investigation which lasted over a year, a federal grand jury returned indictments containing twenty-eight counts against appellant First National Bank of Grayson, Kentucky, and two of its officers, Leo "Raymond" McGuire and David Lee. The indictment charged McGuire and Lee with conspiracy to falsify bank records, to defraud the Kentucky Housing Corporation, and to conceal misuse of loan funds. It also charged them with mail fraud involving loan funds and violations of False Statements Act.

After the indictments on July 27, 1982, Comptroller Regional Counsel David Giles called appellant's Board of Directors to inquire into whether they planned to suspend McGuire and Lee, and informed them of the Comptroller's statutory authority.

The Bank directors declined to suspend McGuire or Lee, feeling that it would be detrimental to the Bank from a public relations standpoint, and that the Bank was already "extremely thin on loan personnel." Subsequently, on August 2, 1982, an inter-office memorandum in the Comptroller's office enumerated factors weighing for and against the suspension of McGuire and Lee, and noting the position of Bank directors on this issue. In addition, a Report and Examination of appellant Bank was filed, which indicated that the Bank had serious finan-cial problems. All of these documents were reviewed by the Comptroller's Enforcement Review Committee, which recommended suspension. The Comptroller approved the recommendation and on September 22, 1982, issued notices of suspension against McGuire and Lee.

Appellant declined a statutory post-suspension hearing before the Comptroller after notice of post-suspension rights under the statute. Indeed, the Comptroller had offered in writing to convene a post-suspension hearing within three to five working days thereafter with an oral decision to be rendered within fifteen (15) days after conclusion thereof. A written decision was promised within thirty (30) days. Instead, the Bank filed suit in federal district court seeking injunctive relief to prevent the suspension of McGuire and Lee. The district judge held hearings on the issue of whether the Comptroller had exceeded the statutory authority, and finally granted the Comptroller's motion to dismiss for lack of jurisdiction. The court found, considering the poor financial condition of the Bank and the Comptroller's reliance on the administrative record and his subordinates, that the decision of the Comptroller was neither arbitrary nor capricious. Appellant now appeals the district court's dismissal for lack of jurisdiction.

The statute relied upon by the Comptroller in suspending McGuire and Lee is 12 U.S.C. § 1818(g)(1), which provides:

(g)(1) Whenever any director or officer of an insured bank, or other person participating in the conduct of the affairs of such bank, is charged in any information, indictment, or complaint authorized by a United States attorney, with the commission of or participation in a crime involving dishonesty or breach of trust which is punishable by imprisonment for a term exceeding one year under State or Federal law, the *appropriate Federal banking agency may, if continued service or participation by the individual may pose a threat to the interests of the bank's depositors or may threaten to impair public confidence in the bank, by written notice served upon such director, officer, or oth-*

*er person, suspend him from office* or prohibit him from further participation in any manner in the conduct of the affairs of the bank (emphasis added).

The Comptroller argues that judicial review of such decisions is precluded by 12 U.S.C. § 1818(i)(1), which states:

(i)(1) The appropriate Federal banking agency may in its discretion apply to the United States district court . . . for the enforcement of any . . . notice or order issued under this section, and such courts shall have jurisdiction and power to order and require compliance herewith; *but except as otherwise provided in this section no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement* of any notice or order under this section, or to review, modify, suspend, terminate, or set aside any such notice or order (emphasis added).

Appellant acknowledges, as it must, that this statute prohibits the ordinary direct review of the Comptroller's decisions. It argues, however, that in this case the Comptroller has exceeded his statutory authority by failing to make a sufficient factual finding that the continued participation of McGuire and Lee would be either a threat to the Bank's depositors or would threaten public confidence in the Bank. It argues that the Comptroller also exceeded the statutory authority by acting without the prerequisite of exigent circumstances. Thus, appellant argues, the court has jurisdiction to enjoin the Comptroller's actions under a judicially-created exception despite the language of 12 USC § 1818(i). The Comptroller maintains that this section bars judicial review under the circumstances of this case.

The exception asserted by appellant has reference to *Leedom v. Kyne,* 358 U.S. 184, 188, 79 S.Ct. 180, 183, 3 L.Ed.2d 210 (1958). *Kyne* dealt with § 9(d) of the National Labor Relations Act, which the NLRB argued foreclosed review of the Board's action for lack of jurisdiction although it admitted, for purposes of the appeal, that it had acted in excess of its powers. The court found therefore that the suit was not a "review" of a decision of the Board made within its jurisdictional powers, but rather an action to seek relief from an order of the Board "made in excess of its delegated powers and contrary to a specific prohibition in the Act." 358 U.S. at 188, 79 S.Ct. at 183. *Accord, Breen v. Selective Service Board,* 396 U.S. 460, 467, 90 S.Ct. 661, 665, 24 L.Ed.2d 653 (1970); *Oestereich v. Selective Service Board,* 393 U.S. 233, 238, 89 S.Ct. 414, 416, 21 L.Ed.2d 402 (1968). There is no such concession in this case by appellee, and no finding by the trial court that the Comptroller exceeded his jurisdictional powers.

This kind of exception to permit judicial review was applied to the statute at issue in *Manges v. Camp,* 474 F.2d 97 (5th Cir.1973). The court found that the judicially-created exception to the withdrawal statute came into play where there was a clear departure from statutory authority. 474 F.2d at 99. In *Manges,* the Comptroller had prohibited a stockholder with controlling interest from future participation in bank affairs and voting his stock, because 6 years earlier he had pleaded guilty to making false statements to the Small Business Administration an offense unrelated to participation in bank business. 474 F.2d at 100. This case is not authority, then, for appellant; it rather indicates that the statute involved pertains to the very situation present in this case— criminal charges relating to bank officers while participating in bank business.

Decisions by this Court, moreover, have limited the *Kyne* exception to jurisdictional defects which are apparent on the face of the record in plain contravention of a statutory mandate. *See Dairymen, Inc. v. FTC,* 684 F.2d 376, 379 (6th Cir.1982) and *Shawnee Coal Co. v. Andrus,* 661 F.2d 1083, 1093 (6th Cir.1981). The latter case holds the exception to normal exhaustion of administrative remedies to be a "narrow anomaly reserved for extreme situations." 661 F.2d at 1093.

■ Consequently, even if there were established an exception justifying appellant's failure to exhaust its administrative remedies, the district court's dismissal for lack of jurisdiction would be affirmed because appellant failed to show that the Comptroller had exceeded his statutory authority. This Court concludes, moreover,

that the statutory scheme involved in the administration of Banks by the Comptroller, the situation involved in this case, affords a full and fair opportunity for a Bank to respond and be heard within a reasonable time and that due process rights are adequately afforded and protected. Specifically in this case appellant should have exhausted the statutory remedy before resorting to federal court where the Comptroller has acted within his statutory authority. Despite the Bank's contention that there had been insufficient findings of fact, no further definitive findings were required of appellee under these circumstances. It had made a careful investigation of appellant Bank, and an indictment had been issued charging the Bank officers, acting at the time as agents of the Bank, with numerous violations of the criminal laws. The Comptroller had then noted circumstances to Bank directors which would evidently "*pose a threat* to the interests of the Bank's depositors" or "*may threaten* to impair public confidence" if the individuals involved were to continue to serve as officers and continue to participate actively in bank affairs.

Accordingly, judgment of the district court is AFFIRMED that appellant is not entitled to judicial review under the circumstances involved.