DILLINGHAM CORPORATION, dba Dillingham Maritime Pacific Division-Dillingham Shipyard, Plaintiff,

v.

Tug Willamette HAWK, etc. Defendants.

and

RIEDEL INTERNATIONAL, INC., Defendant and Third-Party Plaintiff,

v.

UNITED STATES of America, et al., Third-Party Defendant.

Civ. No. 81–0366.

United States District Court,
D. Hawaii.

March 7, 1983.

John R. Lacy, Goodsill, Anderson & Quinn, Honolulu, Hawaii, for plaintiff.

David W. Proudfoot, Stephen D. Whittaker, Case, Kay & Lynch, Honolulu, Hawaii, for Riedel Intern., Inc.

Daniel A. Bent, U.S. Atty., George W. Ashford, Jr., Honolulu, Hawaii, Philip A. Berns, Attorney in charge, Torts Branch, Civil Division, U.S. Dept. of Justice, San Francisco, Cal., for United States of America, etc.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

SAMUEL P. KING, Chief Judge.

This matter came up for hearing on February 18, 1983 on Defendant United States of America's Motion to Dismiss the Third-Party Complaint of Riedel International, Inc.

FACTS:

On December 26, 1979 third-party plaintiff Riedel International, Inc. (hereafter Riedel), damaged Dillingham Corporation's marine railway while dredging Honolulu Harbor pursuant to a contract with the United States. The third-party complaint was filed on December 24, 1981. It named the "United States of America by and through the U.S. Army Corps of Engineers" as the defendant. A copy of the complaint

and summons was sent by registered mail to the United States Attorney General on December 28, 1981. Jurisdiction is based on the Suits in Admiralty Act, 46 U.S.C. § 742.

The government now asserts that the Army Corps of Engineers, an agency of the government, is not the proper party defendant under the Suits in Admiralty Act, and that the designation used by Riedel does not properly name the United States government in its sovereign capacity as defendant. The government further asserts that Riedel cannot amend its complaint as the United States was not properly served prior to the tolling of the statute of limitations.

DISCUSSION:

■ It is clear from the language of the Suits in Admiralty Act that the remedies of the Act are exclusive, and that agencies of the government cannot be named as defendants to the action. *Id.* § 745. Therefore, the court focuses on whether or not Riedel will be allowed to amend its third-party complaint to name the United States.

■ An amendment to the pleadings which changes the party against whom a claim is asserted relates back to the date of the original pleading if the party to be brought in by amendment receives notice of the institution of the action prior to the tolling of the statute of limitations. Fed.R.Civ.P. 15(c). The Suits in Admiralty Act has a two year limitations period. 46 U.S.C. § 742. However, it does not set out a rule governing the computation of that two year period. Therefore, this court may apply Fed.R.Civ.P. 6(a), the rule for computing "any period of time prescribed or allowed by these rules ... or by any applicable statute".

Rule 6(a) provides that if the last day of the period calculated falls on a Saturday, Sunday or legal holiday, the period runs until the end of the following day which is not a Saturday, Sunday or legal holiday. The last day of the statute of limitations fell on Saturday, December 26, 1981. As such, the deadline for service was Monday, December 28, 1981.

Notice is timely given in the case of the United States government upon delivery or mailing of process to the United States Attorney or the Attorney General of the United States. Fed.R.Civ.P. 15(c). Service by mail is complete upon mailing. Fed.R. Civ.P. 5(b).

■ Applying Rules 6(a), 5(b) and 15(c), Riedel should be allowed to amend its pleading to clearly designate the United States as the defendant. A copy of the complaint and summons was mailed to the United States Attorney and the Attorney General on the last day of the limitations period, computed using Fed.R.Civ.P. 6(a). Service was complete on mailing, Fed.R. Civ.P. 5(b). Therefore Riedel should be allowed to amend its pleadings pursuant to Fed.R.Civ.P. 15(c).

Accordingly, the Third-Party Complaint of Riedel International, Inc. is hereby DISMISSED with leave to amend within thirty days.

SO ORDERED.