UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 97-60285

HOME BUILDERS ASSOCIATION OF MISSISSIPPI, INC.; MARK S.JORDAN;
GOOD EARTH DEVELOPMENT, INC.; MARK S. JORDAN, INC.; HIGHLAND
RIDGE PARTNERS, LP; SMCDC, INC.; POST OAK PLACE; LOCUST LANE
PARTNERS, L.P.; WILLIAM J. SHANKS; WJS & ASSOCIATES, INC.; SOUTH
MADISON COUNTY DEVELOPMENT COMPANY; THOMAS M. HARKINS, SR; THOMAS
M. HARKINS, JR.; NORTH PLACE DEVELOPMENT, INC.; NORTH RIDGE
DEVELOPMENT,INC.; FIRST MARK HOMES, INC.; THOMAS M. HARKINS,
Builder, Inc.; THV, INC.; J.F.P. & CO., INC.; J. PARKER SARTAIN;
BRIAN H.SARTAIN; HABITAT, INC.; J.P.S. BUILDING SUPPLIES, INC.;
SARTAIN ASSOCIATES, INC.; DOUGLAS PLACE PARTNERSHIPS,

Plaintiffs-Appellants,

VERSUS

CITY OF MADISON, MISSISSIPPI; MARY HAWKINS, Individually and in
her official capacity as Mayor of Madison, Mississippi; TIMOTHY
L. JOHNSON, Individually and in his official capacity as Alderman
and elected public official of the City of Madison, Mississippi;
LISA CLINGAN-SMITH, Individually and in her official capacity as
Alderman and elected public official of the city of Madison,
Mississippi; TOMMY E. BUTLER, Individually and in his official
capacity as Alderman and elected public official of the City of
Madison, Mississippi; CHARLES L. DUNN, Individually and in his
official capacity as Alderman and elected public official of the
City of Madison, Mississippi; GRIFFEN C. WEAVER, Individually and
in his official capacity as Alderman and elected public official
of the City of Madison, Mississippi.,

Defendants-Appellees.

Appeals from the United States District Court
for the Southern District of Mississippi

July 1, 1998

Before WISDOM, JOLLY, and HIGGINBOTHAM, Circuit Judges.

WISDOM, Circuit Judge:


**I. Introduction**

The sole question before us is whether the Tax Injunction Act of 1937 bars a federal district court from exercising jurisdiction over a plaintiff's complaint that a municipal impact fee ordinance violates the Fifth and Fourteenth Amendments to the United States Constitution. The district court held that it does, and therefore dismissed the complaint for want of subject matter jurisdiction. We affirm.

## II. Background

In 1986, the city of Madison, Mississippi, adopted an impact fee ordinance that required developers and builders in new residential areas to pay a $700 impact fee for each planned residential dwelling unit as a necessary condition to obtaining a building permit. Madison passed the ordinance to alleviate the problems attendant to providing and maintaining essential municipal services and facilities in the rapidly-growing city. Under the terms of the ordinance, collected funds were to be appropriated in a manner consistent with a contemporaneously-adopted public improvement plan that was designed to guide the future development of public facilities.[1]

In 1995, Home Builders Association of Mississippi ("Home Builders") and an assortment of others filed a suit under 42 U.S.C. § 1983 against the City of Madison in which they sought

---

[1] From 1986 to 1994, however, Madison allegedly violated the ordinance by applying the funds towards capital improvements that were not delineated in the public improvement plan.

(1) a declaration that the impact fee ordinance was unconstitutional, (2) an injunction prohibiting the assessment, collection and expenditure of impact fees, and (3) a refund of all impact fees collected in advance of the litigation.[2] Home Builders's complaint specifically alleged that "the assessment, collection and expenditure of any and all impact fees by Madison ... represents and constitutes nothing more than an improper, unlawful and unconstitutional form of taxation or general tax."

Madison moved to dismiss the case under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that the Tax Injunction Act removed it from the scope of the district court's subject matter jurisdiction. The district court denied the motion but stated that it "may reconsider [the matter] at a later date." Following additional discovery and oral arguments on the constitutionality of the impact fee ordinance, the district court dismissed Home Builders's complaint for want of subject matter jurisdiction. It held that the 1986 impact fee ordinance constituted a "tax" for purposes of the Tax Injunction Act, and that the plaintiffs would be forced to seek relief in Mississippi state court, which could provide them with a plain, speedy, and efficient remedy. Home Builders timely appealed from this final

---

[2] In 1996, Madison repealed the impact fee ordinance and replaced it with a traffic impact fee ordinance to which Home Builders does not object. At this juncture in the litigation, therefore, Home Builders merely seeks a refund of the impact fees collected under the 1986 ordinance.

3

judgment.

### III. Standard of Review

We review <u>de novo</u> the district court's grant of Madison's 12(b)(1) motion to dismiss for want of subject matter jurisdiction.[3]  A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.[4] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[5]

### IV. Discussion

The Tax Injunction Act provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection or any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State.[6]

The act imposes drastic limitations on the federal judiciary's

---

[3] *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 171 (5th Cir. 1994).

[4] *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

[5] *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996).

[6] 28 U.S.C. § 1341.  It is well-settled that the statute applies not only to taxes imposed by states, but also to those imposed by municipalities. *Alnoa G. Corp. v. City of Houston*, 563 F.2d 769 (5th Cir. 1977); *Folio v. City of Clarksburg*, 134 F.3d 1211, 1214 (4th Cir. 1998).  It is equally well-settled that the statute applies to actions like the one before us, in which the plaintiff seeks a refund of taxes it has already paid. *Pendleton v. Heard*, 824 F.2d 448, 451 (5th Cir. 1987).

4

ability to meddle with a local concern as important and sensitive as the collection of taxes.[7] Embodied within the statute is "the duty of federal courts to withhold relief when a state legislature has provided an adequate scheme whereby a taxpayer may maintain a suit to challenge a state tax."[8] In short, the Tax Injunction Act is a "broad jurisdictional impediment to federal court interference with the administration of state tax systems."[9]

We employ a bifurcated analysis to determine whether the Tax Injunction Act bars federal jurisdiction in a given case. First, because the act is implicated exclusively by matters of state and local taxation, we must decide whether the law in question imposes a tax or merely a regulatory fee.[10] Only if the law imposes a tax does the act preclude a federal district court from exercising jurisdiction. Second, even if the law imposes a tax

---

[7] *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 522 (1981). See also *Alnoa G. Corp.* at 772.

[8] *Bland v. McHann*, 463 F.2d 21, 24 (5th Cir. 1972).

[9] *United Gas and Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir. 1979). See also *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981) ("taxpayers are barred by the principles of comity from asserting § 1983 actions against the validity of state tax systems in federal court").

[10] What constitutes a "tax" for purposes of the Tax Injunction Act is a question of federal law. *Ben Oehrleins, Inc. v. Hennepin County*, 115 F.3d 1372, 1382 (8th Cir. 1997). The label affixed to an ordinance by its drafters has no bearing on the resolution of the question. See *Robinson Protective Alarm Co. v. City of Philadelphia*, 581 F.2d 371, 374 (3d Cir. 1978).

5

for purposes of the Tax Injunction Act, a district court may decline to exercise jurisdiction only if the state court is equipped to furnish the plaintiffs with a plain, speedy, and efficient remedy.[11]  That is, the act does not divest district courts of jurisdiction if state court remedies are inadequate.

### A. Tax v. Fee

Our initial inquiry, then, is whether Madison's impact fee ordinance qualifies as a tax for purposes of the Tax Injunction Act.  Home Builders, of course, urges that the ordinance imposes a fee, in which event the act would not operate as a jurisdictional bar.  For its part, Madison contends that the ordinance fits squarely within the meaning of a tax as contemplated by the act.  For the reasons that follow, we hold that Madison's impact fee ordinance qualifies as a tax rather than a fee for purposes of the Tax Injunction Act.[12]

Distinguishing a tax from a fee often is a difficult task. Indeed, "the line between a 'tax' and a 'fee' can be a blurry one."[13]  Workable distinctions emerge from the relevant case law, however:  the classic tax sustains the essential flow of revenue

---

[11] *Cumberland Farms, Inc. v. Tax Assessor, State of Maine*, 116 F.3d 943, 945 (1st Cir. 1997); *Collins Holding Corp. v. Jasper County, South Carolina*, 123 F.3d 797, 799 (4th Cir. 1997).

[12] We need not and do not express any opinion as to whether the ordinance constitutes a tax for purposes of other statutes or other litigation.

[13] *Collins Holding Corp.*, 123 F.3d at 800.

to the government, while the classic fee is linked to some regulatory scheme.[14] The classic tax is imposed by a state or municipal legislature, while the classic fee is imposed by an agency upon those it regulates.[15] The classic tax is designed to provide a benefit for the entire community, while the classic fee is designed to raise money to help defray an agency's regulatory expenses.[16]

In *Mississippi Power & Light Co. v. United States Nuclear Regulatory Commission*,[17] we considered whether a Nuclear Regulatory Commission rule that mandated the payment of a charge as a precondition to obtaining a license to operate a nuclear facility qualified as a permissible fee or as an unconstitutional tax.[18] The rule was "designed to recover the costs for processing applications, permits and licenses as well as the costs arising from health and safety inspections and statutorily

---

[14] See *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998); *Hager v. City of West Peoria*, 84 F.3d 865, 871 (7th Cir. 1996); *San Juan Cellular Telephone Co. v. Public Service Commission of Puerto Rico*, 967 F.2d 683, 685 (1st Cir. 1992); *Mississippi Power & Light Co. v. United States Nuclear Regulatory Commission*, 601 F.2d 223, 227-29 (5th Cir. 1979).

[15] *San Juan Cellular Telephone Co.* at 685.

[16] Id.

[17] supra note 14.

[18] We did not decide this case in the context of the Tax Injunction Act. Nevertheless, we find its reasoning helpful to the disposition of the case at bar.

7

mandated environmental and antitrust reviews."[19] We held that the rule imposed a fee rather than a tax because (1) it was designed to defray the NRC's operating costs, and (2) it did not generate revenues that were intended to provide a benefit for the general public.[20] That holding is consonant with the cases we cited above that define the paradigmatic fee as one imposed by an agency upon those it regulates for the purpose of defraying regulatory costs.[21]

In *Tramel v. Schrader*,[22] we considered whether a special street improvements assessment imposed exclusively upon select businesses was a tax or a regulatory fee. Even though the assessment was not levied against the community at large, we concluded that the assessment constituted a tax for purposes of the Tax Injunction Act.[23] We reasoned that a broad construction of "tax" was necessary to honor Congress's goals in promulgating the Tax Injunction Act, including that of preventing federally-based delays in the collection of public revenues by state and

---

[19] *Mississippi Power & Light Co.* at 225.

[20] Id. at 228-30.

[21] See also *Union Pacific Railroad Co. v. Public Utility Commission*, 899 F.2d 854, 856 (9th Cir. 1990) (Public Utility Commission assessment qualified as a fee rather than a tax because it helped defray the cost of performing the regulatory duties imposed on the Commission).

[22] 505 F.2d 1310 (5th Cir. 1975).

[23] Id. at 1315-16.

local governments.[24]

With these principles and precedents in mind, we turn to the question of whether Madison's impact fee ordinance imposes a fee, in which case the Tax Injunction Act would not be implicated, or a tax, in which case the act would divest the district court of subject matter jurisdiction. As a preliminary matter, it must be noted that we are far more concerned with the purposes underlying the ordinance than with the actual expenditure of the funds collected under it.[25] That is, we look principally to the language of the ordinance and the circumstances surrounding its passage. In doing so, it becomes clear that Madison's impact fee ordinance imposes a tax for purposes of the Tax Injunction Act. The preamble to the ordinance states that its purpose was:

> to alleviate problems attendant to the City of Madison providing and maintaining the quality of essential municipal services and facilities to its present and future residents and to require the developers of and builders in new residential areas within the City to pay a fair share of providing and maintaining the essential municipal services and facilities outlined in the PIP.

The ordinance further states that:

> funds collected .... shall be used for street improvements, fire department improvements, police department improvements, and parks and recreation improvements as outlined in the PIP .... This Ordinance shall be used for the purposes of implementing and funding the PIP and to otherwise further the protection and promotion of the public health, safety and welfare of the City of Madison and its

---

[24] Id. at 1316.

[25] See *Hager*, 84 F.3d at 870-71 (rather than a question solely of where the money goes, the issue is why the money is taken).

> citizens and to regulate the adverse effects of rapid residential development by insuring adequate public facilities and services to present and future residents of the City.

Indeed, it is difficult to imagine that an ordinance designed to protect and promote the public health, safety and welfare of an entire community could be characterized as anything but a tax. Furthermore, Madison's impact fee ordinance does not bear any resemblance to other ordinances and statutes that we and other circuits have construed to impose fees.

Home Builders argues that the impact fee ordinance is regulatory in nature because it narrowly defines the purposes for which collected funds should be spent.  We implicitly rejected this argument in *Tramel,*[26] and we decline to reconsider it now. Home Builders also argues that Madison cannot identify how much of the impact fees collected under the ordinance were, in fact, expended on the public improvements outlined in the PIP.  That may be so.  Nevertheless, it is an argument that goes to the merits of the case, and as such, we will not consider it if the Mississippi courts are equipped to provide Home Builders with an adequate state remedy.

## B. State Remedies

State courts are equipped to furnish a plain, speedy, and efficient remedy if they provide a procedural vehicle that

---

[26] <u>supra</u> note 22.

affords taxpayers the opportunity to raise their federal constitutional claims.[27] That is, a state's remedy is adequate when it provides taxpayers with a complete judicial determination that is ultimately reviewable in the United States Supreme Court.[28] Importantly, though, "the state remedy need not be the best of all remedies. [It] need only be adequate."[29]

We conclude that Mississippi provides its citizens with a plain, speedy, and efficient remedy for challenging a municipal tax. Mississippi Code Annotated § 11-13-11 provides:

> The Chancery Court shall have jurisdiction of suits by one or more taxpayers in any county, city, town, or village, to restrain the collection of any taxes levied or attempted to be collected without authority of law.

Home Builders argues that the statute does not provide an adequate remedy in this case because it does not apply to actions in which taxpayers are seeking a tax refund. This argument is without merit. In *Bland v. McHann*,[30] we held that Mississippi Code Title 10 § 1340, a precursor to § 11-13-11, provided a plain, speedy, and efficient remedy to plaintiffs who sought a refund of taxes levied improperly by a municipality. We see no reason why § 11-13-11 does not create an adequate remedy at law

---

[27] *Smith v. Travis County Education District*, 968 F.2d 453, 456 (5th Cir. 1992).

[28] Id.

[29] *Alnoa G. Corp.*, 563 F.2d at 772.

[30] supra note 8.

for these plaintiffs.[31]  Should Home Builders fail to persuade the Chancery Court that Madison's impact fee ordinance is unconstitutional, it may appeal to the Mississippi Supreme Court, and seek ultimate review in the United States Supreme Court.[32]

For the foregoing reasons, we affirm the judgment of the district court.  In doing so, however, we note that principles of claim preclusion do not bar the plaintiffs from pursuing their claims in state court.  A dismissal under Rule 12(b)(1) is not on the merits, and therefore cannot have a res judicata effect.[33]

AFFIRMED.

---

[31] At oral argument, Madison conceded that Mississippi courts are capable of furnishing an adequate remedy for Home Builders.

[32] Federal jurisdiction over § 1983 actions is concurrent, not exclusive.  State actions may be brought under § 1983. *Southern Jam, Inc. v. Robinson*, 675 F.2d 94, 98 (5th Cir. 1982).  The Mississippi Supreme Court has stated that its courts "are not free to refuse adjudication of claims brought under the Constitution and laws of the United States." *Burrell v. Mississippi State Tax Commission*, 536 So.2d 848, 863 (Miss. 1988).

[33] *Nowak*, 81 F.3d at 1188.

12