UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30785
_____


PAUL JESSIE DION,

Plaintiff-Appellant,

versus

APACHE CORPORATION and
APACHE INTERNATIONAL, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
Civil Docket #99-CV-3575-B
_____

May 15, 2001

Before JONES, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Dion challenges the district court's dismissal of that portion of his claims against appellees which he asserted under admiralty and maritime jurisdiction. The court held that Dion failed to invoke federal subject matter jurisdiction and failed to state a claim under admiralty, thus requiring dismissal

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to Fed. R. Civ. Proc. 12(b)(1) and 2(b)(6). We must reverse and remand.

Rules 12(b)(1) and 12(b)(6) authorize dismissal on the pleadings only if it appears certain that a plaintiff can prove no set of facts supporting his claim that would entitle him to relief. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). While appellant's pleadings are sketchy, he asserted, according to the district court, that appellees were negligent in their capacity as charterer of the wireline vessel, and this negligence proximately caused his injury.[1] As a seaman, he also asserts jurisdiction under the Admiralty Extension Act.

The facts recited in Dion's brief to this court, facts extrinsic to his complaint, provide little ultimate support for a successful admiralty claim. But they are the facts-developed through earlier discovery and not the pleadings, on which this dismissal was predicated. We cannot sua sponte grant summary judgment here, and are empowered only to address the dismissal on the pleadings on that narrow issue. Dion's claims, as pled and liberally interpreted, sound in admiralty.

---

[1]Some of the confusion surrounding interpretation of appellant's claims stems from the fact that discovery materials and uncontested facts were offered by appellant in support of his pleading, though he never tried to amend.

Although his instinct of the case may be sound, the district court erred in dismissing the complaint on the pleadings. The case must be reversed and remanded for further proceedings.

REVERSED and REMANDED.