**AUGUST TRADING, INC.**

v.

**UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT and United States of America**

**No. CIV. A. G–01–379.**

United States District Court, S.D. Texas, Galveston Division.

Oct. 11, 2001.

---

Dimitri P Georgantas, Georgantas and Walters, Houston, TX, Seth A Nichamoff, Attorney at Law, Houston, TX, for August Trading, Inc., plaintiffs.

Peter Glenn Myer, U S Dept of Justice, Civil Division, Washington, DC, for United States Agency for International Development, United States of America, defendants.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CLAIMS AGAINST UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT ONLY

KENT, District Judge.

This is a maritime breach of contract suit wherein Plaintiff, August Trading, Inc. ("August Trading"), seeks relief under the Suits in Admiralty Act ("SAA"), 46 App. U.S.C. §§ 741 *et seq.*, and the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601 *et seq.*, for damages arising from the shipment of a contaminated cargo of wheat owned by the United States Agency for International Development ("USAID"). On June 21, 2001, August Trading filed a cause of action against USAID. On September 4, 2001, the United States of America ("United States") filed a Motion to Dismiss on behalf of its agency, USAID, claiming that USAID was improperly named as a Defendant. Finally, on September 26, 2001, August Trading amended its Complaint to add the United States as a Defendant.[1] Now before the Court is

---

1. A careful review of the record reveals that the Court never issued a written Order grant-

Defendant's Motion to Dismiss. For the reasons stated below, Defendant's Motion is **GRANTED** as to all claims brought against USAID, but not as to claims brought against the United States.

## I. ANALYSIS

■ The United States characterizes its Motion to Dismiss as one under Fed. R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, or alternatively, Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. A case is properly dismissed for lack of subject matter jurisdiction when the Court lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). The burden of proof on a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction. *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir.1984); *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex.1995).

■ A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010; *Benton v. United States*, 960 F.2d 19, 20 (5th Cir. 1992). When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff.

*See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993).

■ Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010 (applying the standard in the context of Rule 12(b)(1)); *Home Capital Collateral, Inc. v. FDIC*, 96 F.3d 760, 764 (5th Cir.1996); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994) (both applying the standard in the context of Rule 12(b)(6)). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *Mahone v. Addicks Util. Dist. Of Harris County*, 836 F.2d 921, 926 (5th Cir.1988).

■ In the instant case, the United States asserts that subject matter jurisdiction is lacking over USAID pursuant to the limited waiver of sovereign immunity granted by the CDA and SAA. The Court

ing Plaintiff leave to amend its Original Complaint. Instead, pursuant to longstanding District-wide practice, the Clerk was apparently so persuaded by Plaintiff's Motion for Leave to Amend that it *sua sponte* filed Plaintiff's First Amended Verified Complaint. Happily, the Clerk was prescient, and being well versed in Fed.R.Civ.P. 15, which states that "leave shall be freely given when justice so requires," the Clerk correctly concluded (as it always does) that leave should be granted in this instance in order to avoid a dismissal of Plaintiff's action for a mere procedural defect. The Clerk further recognized that Plaintiff was not motivated by bad faith or dilatory purpose, as it promptly filed a Motion for Leave to Amend following the receipt of Defendant's Motion to Dismiss. The Court concurs wholeheartedly with the Clerk, and proudly notes that the Clerk's omniscience, legal analytical skills, and expediency constantly make this Court look far better than it should!

 

unequivocally agrees. The SAA expressly provides that a suit *in personam* against the United States is the *exclusive* remedy for admiralty claims falling under its provisions and involving the United States, its agencies, agents, or employees. 46 App. U.S.C. § 745. Although the Fifth Circuit has never confronted this exact issue, other appellate and district courts have consistently held that the SAA bars actions against agencies of the United States. *See Good v. Ohio Edison Co.,* 149 F.3d 413, 417 (6th Cir.1998) ("[I]t was improper for the Coast Guard to be named as a party to this action."); *Williams v. United States,* 711 F.2d 893, 897–98 (9th Cir.1983) (finding that appellant improperly sued the Federal Aviation Administration in lieu of the United States); *Dillingham Corp. v. Hawk,* 97 F.R.D. 450, 451 (D.Haw.1983) ("It is clear from the language of the Suits in Admiralty Act that the remedies of the Act are exclusive, and that agencies of the government cannot be named as defendants to the action."). Given the explicit terms of the SAA and the similar holdings of sister jurisdictions, this Court concludes that USAID was improperly named as a Defendant to this lawsuit. As such, the Court GRANTS Defendant's Motion to Dismiss all claims against USAID. However, because Plaintiff timely and properly amended its Complaint to name the United States as a Defendant, Plaintiff's claims against the United States remain intact, pending further Order of the Court.

## II. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED.** Plaintiff's claims against Defendant USAID only are **DISMISSED WITH PREJUDICE,** without affecting any claims asserted against Defendant United

States. Each party is to bear its own costs in the matter incurred herein to date.

**IT IS SO ORDERED.**