IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50432
Conference Calendar
_____

ROBERT H. MOURNING,

                                        Petitioner-Appellant,

versus

U.S. DEPARTMENT OF STATE - VISA OFFICE;
U.S. DEPARTMENT OF JUSTICE, INS,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-104-F
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Robert H. Mourning appeals the district court's dismissal of his pro se "Petition for an Order for My Stepson to Be Immediately Processed for an Immigrant Visa and a Motion for Summary Judgment to Decide the Matter with the Written Evidence Before the Court."  The district court construed the pleading as a petition for writ of mandamus and granted the respondents' FED. R. CIV. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews <u>de novo</u> the district court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. <u>Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.</u>, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack the power to consider claims. <u>Veldhoen v. United States Coast Guard</u>, 35 F.3d 222, 225 (5th Cir. 1994). The district court must presume that the suit lies outside its limited jurisdiction, and the party seeking the federal forum has the burden of establishing federal jurisdiction. <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir.), <u>cert. denied</u>, 2001 WL 876123, No. 01-152 (U.S. Oct. 29, 2001).

Mourning argues that jurisdiction was proper under 8 U.S.C. § 1329. The plain language of § 1329 provides that it is not to be construed as providing jurisdiction for suits against the United States or its agencies or officers. Mourning has not identified any other jurisdictional basis for his pleading. This court lacks the jurisdiction to review the actions of a United States consular officer in assigning a priority date for the issuance of visas. <u>Gonzalez-Cuevas v. INS</u>, 515 F.2d 1222, 1223 (5th Cir. 1975).

AFFIRMED.