# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2009

Charles R. Fulbruge III
Clerk

No. 09-20183
Summary Calendar

ABRAHAM MELAWER

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
No. 4:08-CV-3056

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Abraham Melawer filed suit against the United States seeking expungement of records related to his arrest and conviction in 1998. The district court dismissed the complaint for lack of jurisdiction, and Melawer now appeals. For the following reasons, we affirm.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). Absent specific statutory authority, the scope of a district court's power to order expungement of executive-branch records is narrow: "In order to have standing to seek expungement, the party seeking expungement against executive agencies must assert an affirmative rights violation by the executive actors holding the records of the overturned conviction." *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699 (5th Cir. 1997); *see United States v. McLeod*, 385 F.2d 734, 750 (5th Cir. 1967) (ordering expungement where state officials were intentionally using arrest records to prevent minorities from voting).

Here, Melawer alleges only that the existence of the records creates certain personal burdens, such as added delays in renewing his various licenses. Because Melawer has failed to (1) identify an independent statutory basis for his request or (2) to allege an "affirmative rights violation" by the executive actors holding his records, the district court properly declined to exercise jurisdiction. *See Sealed Appellant*, 130 F.3d at 699.

AFFIRMED.