# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2010

No. 09-60831
Summary Calendar

Lyle W. Cayce
Clerk

JERRY W. DILLON, Fish Farmer; BRENDA HOLMES, Forester; MELVIN
HOLMES, Forester; ROBERT E. DILLON, et ux,

Plaintiffs - Appellants

v.

STATE OF MISSISSIPPI; HALEY REESE BARBOUR, Governor; JIM
HOOD, Attorney General of Mississippi; JOSEPH B. YOUNG; LANCE
HONEA; TERRY BOYD; JOSEPH L. BLOUNT, Tax Commissioner State of
Mississippi; MISSISSIPPI STATE TAX COMMISSION; JIM DUCKWORTH;
ED MORGAN, Tax Commissioner State of Mississippi,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-106

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

This is an appeal from the district court's order dismissing the case for
lack of jurisdiction. Finding no error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Appellants seek declaratory relief, injunctive relief, compensatory damages, and punitive damages for the assessment of Mississippi state taxes. Appellants claim the tax laws are being administered in a fraudulent and racially discriminatory manner. Specifically, Appellants allege that state tax assessors are over-valuing black farmers' homes and farms (including theirs) while under-valuing white farmers' homes and farms. Appellants also argue that the relevant state tax laws do not allow a sufficient period of time to appeal any tax assessment of their property. Appellants claim that the laws and the state officials' actions violate the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the federal Constitution. Appellants bring their claims pursuant to 42 U.S.C. §§ 1983, 1985 and 2000d.

In dismissing the case, the district court held that it lacked jurisdiction to review Appellants' claims. Specifically, the court based its decision on the jurisdictional language of the Tax Injunction Act, 28 U.S.C. § 1341, which prohibits district courts from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." *See also* FED. R. CIV. P. 12(h)(3).

We review a district court's dismissal of a case based on lack of subject matter jurisdiction de novo. *See Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Appellants argue that the district court erred by applying the Tax Injunction Act to bar Appellants' claims. However, Appellants' claims are precisely the type of claims foreclosed by the Act, as demonstrated by our precedents. *See, e.g., Home Builders*, 143 F.3d at 1012-13; *Bland v. McHann*, 463 F.2d 21, 24 (5th Cir. 1972). For example, in *Home Builders*, the plaintiffs filed suit against the city pursuant to 42 U.S.C. § 1983 regarding a $700 impact fee that the city imposed as a condition to obtaining a building permit. *See*

No. 09-60831

*Home Builders*, 143 F.3d at 1009. The plaintiffs sought declaratory relief, injunctive relief, and a refund of the impact fees. *See id.* The plaintiffs argued that the impact fees were "'nothing more than an improper, unlawful and unconstitutional form of taxation or general tax.'" *Id.* After discussing what constituted a "tax" under the Act, we affirmed the district court's dismissal, holding that the plaintiffs' claims were barred by the Act. *See id.* at 1012-13. Specifically, we found that Mississippi state law provided a "plain, speedy and efficient remedy" for challenging the state's tax laws. *See id.* at 1012. Thus, the federal courts had no jurisdiction.

Similarly, in *Bland*, the plaintiffs brought a civil rights claim of racial discrimination pursuant to 42 U.S.C. § 1983 against municipal officials for what the plaintiffs alleged were discriminatory ad valorem tax assessments. *See Bland*, 463 F.2d at 23. The plaintiffs sought both injunctive relief and a refund of past taxes paid. *See id.* at 23 n.2. After a trial, the district court dismissed the case, holding that the Tax Injunction Act barred relief. *See id.* at 23-24. Specifically, the court held that there were adequate remedies for the plaintiffs' claims in Mississippi state courts. *See id.* On appeal, we upheld the case's dismissal pursuant to the Act but faulted the district court for allowing the case to first go to trial. *See id.* at 24. In describing the breadth of claims prohibited by the Act, we stated:

> We are convinced that both longstanding judicial policy and congressional restriction of federal jurisdiction in cases involving state tax administration make it the duty of federal courts to withhold relief when a state legislature has provided an adequate scheme whereby a taxpayer may maintain a suit to challenge a state tax.

*Id.*

Because Mississippi state law provided adequate relief for the plaintiffs' claims, we held that the district court should have dismissed the case before reaching the merits. *See id.* at 29.

3

No. 09-60831

As in the cases above, Appellants seek declaratory relief, injunctive relief and damages pursuant to 42 U.S.C. § 1983 for taxes that they claim are unconstitutional and that are allegedly administered in a discriminatory fashion. Neither party disputes the district court's holding that the taxes in question are of the type contemplated under the Tax Injunction Act. In addition, we have already held Mississippi law to provide an adequate remedy for such claims.[1] Appellants' claims are therefore indistinguishable for jurisdictional purposes from those brought in *Home Builders* and *Bland*. Accordingly, the district court correctly dismissed them as barred by the Act.

Appellants further argue that the Supreme Court's decision in *Hibbs v. Winn* "cleared the way" for Appellants to bring their suit in federal court. *See Hibbs*, 542 U.S. 88, 124 S. Ct. 2276 (2004). However, *Hibbs* is readily distinguishable from the instant case. In *Hibbs*, the plaintiff taxpayers challenged the constitutionality of a state statute that provided tax *credits* to third parties attending private religious schools. *See Hibbs*, 542 U.S. at 92, 124 S. Ct. at 2281. The Court noted at the outset that "Plaintiffs-respondents do not contest their own tax liability. Nor do they seek to impede Arizona's receipt of tax revenues." *Id.* Based on these facts, the Court held that the Tax Injunction Act did not bar the plaintiffs' claims. *See id.* at 111-12, 124 S. Ct. at 2292. We have therefore interpreted *Hibbs* to allow challenges to state tax laws in federal court "only where (1) a third party (not the taxpayer) files suit, and (2) the suit's success will enrich, not deplete, the government entity's coffers." *Henderson v. Stalder*, 407 F.3d 351, 59 (5th Cir. 2005) (footnote omitted).

In the instant case, Appellants are the alleged taxpayers, and they expressly seek relief from state tax laws as applied to them. Moreover, any

---

[1] The relevant state laws governing tax remedies in state court have not changed since *Home Builders*. *See Home Builders*, 143 F.3d at 1009; MISS. CODE. ANN. § 11-13-11 (West 2010).

4

No. 09-60831

consequent relief this court could fashion based on the alleged facts would involve the "disruption of 'state tax administration' . . . specifically in relation to 'the collection of revenue.'" *Hibbs,* 542 U.S. at 105, 124 S. Ct. at 2288 (quoting *Cal. v. Grace Brethren Church,* 457 U.S. 393, 410, 102 S. Ct. 2498 (1982) (additional cite omitted)). Accordingly, Appellants' suit violates both prongs of the *Hibbs* test.

Finally, we note that Appellants focus much of their appellate arguments on seeking relief pursuant to 42 U.S.C. § 2000d rather than pursuant to 42 U.S.C. § 1983, although both statues are cited in their complaint. As the language of the Tax Injunction Act makes clear, the bar to federal jurisdiction does not depend on the federal statute or constitutional provision that the tax law allegedly violates; rather, jurisdiction depends on whether the relief sought requires the federal court to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law[.]" *See* 28 U.S.C. § 1341; *see also Hibbs*, 542 U.S. at 99, 124 S. Ct. at 2284 ("To determine whether this litigation falls within [the Act's] prohibition, it is appropriate, first, to identify the relief sought."). As stated above, Appellants expressly seek declaratory and injunctive relief from the application of Mississippi state tax law, as well as compensatory and punitive damages for past improper tax assessments. These are precisely the kinds of relief barred by the Act.[2] *See, e.g., Home Builders*, 143 F.3d at 1012-13; *Bland*, 463 F.2d at 24. Accordingly, we do not reach the question of whether Appellants could otherwise state a claim under 42 U.S.C. § 2000d.[3] AFFIRMED.

---

[2] Indeed, it is unclear what relief Appellants could seek based on the alleged facts that does not fall under the Act.

[3] Were we to reach the merits of this claim, however, we would note that 42 U.S.C. § 2000d bars unlawful "discrimination under any program or activity receiving Federal financial assistance." Appellants have pointed to no case law or precedent that regards state tax collection as a "program or activity receiving Federal financial assistance." Therefore, it is unclear how § 2000d would even apply in this case.