# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2015

Lyle W. Cayce
Clerk

No. 14-30872
Summary Calendar

RICHARD SHANE RUSH; BETTY H. RUSH; COMITE DIRT PIT, INCORPORATED,

      Plaintiffs - Appellants

v.

ROBERT J. BARHAM,

      Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-723

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

    Plaintiffs-Appellants appeal the dismissal of their 42 U.S.C. § 1983 claims against the Secretary of the Louisiana Department of Wildlife and Fisheries. The district court dismissed all claims for lack of subject matter jurisdiction. We affirm.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30872

## I.  Factual and Procedural Background

Plaintiffs Richard and Betty Rush are the owners of Comite Dirt Pit, Inc. ("CDP").  CDP owns a tract of land along the bank of the Comite River in East Baton Rouge Parish, Louisiana.  CDP has farmed, logged and dirt-mined the property since at least 1983. Beginning more recently, CDP has charged a fee for recreational ATV access to the Comite River and dirt mounds on the property.

Defendant Robert Barham is Secretary of the Louisiana Department of Wildlife and Fisheries ("LDWF").  One of the statutes enforced by LDWF is the Louisiana Scenic Rivers Act ("LSRA").  La. Rev. Stat. 56:1843.  The LSRA contains restrictions and permitting requirements applicable to the rivers specified in the Act.  *See generally* La. Rev. Stat. 56:1840, *et seq.*  The Comite River is designated a scenic river by the LSRA.  La. Rev. Stat. 56:1847(8). Beginning in 2009, LDWF served multiple orders and citations on CDP and/or its owners, determining that mining and logging on the property within 100 feet of the Comite River without a permit violated the LSRA and ordering that such activities cease.  On June 19, 2009, LDWF filed an action for injunctive and declaratory relief in state court against CDP based on alleged continuing violations of the LSRA.  The state court issued a temporary restraining order ("TRO") restraining CDP from mining activities or removing trees in the areas in question.  On July 1, 2009, CDP and LDWF voluntarily entered into an order specifying that the terms of the TRO were "continued indefinitely by both parties."  In March 2010, LDWF instituted additional proceedings in the state court against CDP based on alleged violations of the 2009 order.  Subsequently, in lieu of conducting a hearing, the parties again voluntarily agreed that the terms of the TRO and the 2009 order were "continued indefinitely by both parties."

No. 14-30872

In July 2013, the Plaintiffs sought to set aside both the 2009 and 2010 state court orders, to which they had previously consented.  According to the Plaintiffs' complaint, this matter remains pending in the state court.  In November 2013, the Plaintiffs filed the instant lawsuit in the Middle District of Louisiana under 42 U.S.C. §1983 alleging that restrictions on the use of their property near the river violate due process, the Takings Clause and the Tenth Amendment.  The Plaintiffs named Barham as the sole defendant in the suit.  In December 2013, the district court denied the Plaintiffs' request for a TRO.  Barham then filed a motion to dismiss the Plaintiffs' suit.  The district court granted the motion and dismissed all claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Plaintiffs appeal.

## II.  Discussion

Plaintiffs' Amended Complaint seeks damages for lost profits, punitive damages, declaratory relief, and injunctive relief prohibiting interference with their property.  The district court dismissed all claims under Rule 12(b)(1), holding that Barham is immune from claims for damages under § 1983 pursuant to the Eleventh Amendment, and that the claims for injunctive and declaratory relief are unripe for adjudication.

We review the district court's dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) de novo.  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).  "Under Rule 12(b)(l), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Id.* (internal quotation marks omitted) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or

3

No. 14-30872

the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287.

A.     *Sovereign Immunity*

The district court dismissed all claims for damages pursuant to Eleventh Amendment sovereign immunity.   Absent a state's waiver of sovereign immunity, "a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan,* 415 U.S. 651, 663 (1974).   "When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from  suit  even  though  individual  officials  are  nominal  defendants."   *Id.* (quoting *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464 (1945)). The district court concluded that although Secretary Barham is the nominal defendant in the instant suit, the Plaintiffs' damages claims are essentially claims for recovery of money from the state of Louisiana and are therefore barred.

On  appeal,  the  Plaintiffs-Appellants'  arguments  regarding  sovereign immunity  do  not  directly  address  the  district  court's  clear  reasoning  for dismissing the damages claims.  The Plaintiffs restate a long litany of LDWF's alleged failures to follow state-law administrative procedures and allege that the Comite River is privately owned and not subject to the LSRA.   However, they do not ever dispute or respond directly to the district court's conclusion that their damages claims essentially seek recovery of money from the state and that Louisiana is therefore the "real substantial party in interest" in this suit.  *Id.*  As the district court noted, all of the alleged violations described by the Plaintiffs relate to administrative agency actions taken by LDWF pursuant to its enforcement authority.  It is clear that the claims seek damages caused by LDWF enforcement actions, and thus in effect seek recovery of money from

4

the state.  We conclude that the district court correctly dismissed all claims for damages pursuant to Eleventh Amendment sovereign immunity.

B.    *Ripeness*

The district court dismissed the remaining claims for declaratory and injunctive relief because they were not ripe for adjudication. Ripeness is an Article III jurisdictional issue pertaining to "whether the suit is being brought at the proper time." *Texas v. United States*, 497 F.3d 491, 496 (5th Cir. 2007). "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987) (citing *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580 (1985); *Socialist Labor Party v. Gilligan*, 406 U.S. 583, 588-89 (1972)).  "The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967); *Placid Oil Co. v. Fed. Energy Regulatory Comm'n*, 666 F.2d 976, 981 (5th Cir. 1982)).  "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Id.* (citing *Thomas*, 473 U.S. at 580).

Regarding the first prong of the ripeness analysis, the district court concluded that the issues in this suit are not fit for judicial consideration because further factual development is required to adjudicate the Plaintiffs' claims.  We agree.  In this suit, Plaintiffs claim that their property is not subject to the LSRA and that LDWF has engaged in enforcement proceedings not authorized by state law, which deprived them of due process and of property rights.  However, many issues directly relevant to these claims are still pending in the Louisiana state court action wherein the Plaintiffs currently seek to set aside the 2009 and 2010 consent orders by challenging LDWF's authority and the procedures it followed.  Thus, as the district court

noted, further fact findings relating to the issues in this suit "will necessarily result from the state proceedings." For example, one of the Plaintiffs' primary grievances is that they were not given a hearing relating to LDWF's regulation of their property, yet they admit that the proceedings are ongoing in the state court. Other claims by the Plaintiffs may be contingent on whether the 2009 and 2010 consent orders—in which the Plaintiffs agreed to LDWF's authority and to take or refrain from certain actions pursuant to the LSRA—are set aside by the state court. There may be no basis for the federal constitutional claims unless the consent orders are nullified; at the very least, it is necessary to know the state court's resolution of the matter before those claims can be adjudicated.

No authority cited by Plaintiffs supports their assertion that the district court erred in resolving the ripeness issue. Plaintiffs rely on *Simi Investment Company, Inc. v. Harris*, 236 F.3d 240, 247-48 (5th Cir. 2000), to argue that substantive due process claims are not subject to an exhaustion requirement. The exhaustion discussion in *Simi* is inapposite. Plaintiffs confuse ripeness with exhaustion. The district court did not hold that the claims Plaintiffs assert are subject to an exhaustion requirement. The court held that in the circumstances of this particular case, further factual development will result from the pending state court proceeding and will necessarily affect the claims in this suit, and thus that the federal constitutional claims are not fit for judicial review. Plaintiffs' reliance on *Sackett v. E.P.A.*, 132 S. Ct. 1367 (2012), is similarly misplaced. *Sackett* is an APA case which addressed whether a particular action by the EPA was a "final agency action" within the meaning of that statute. *Id.* at 1371-72. By contrast, the Plaintiffs seek to bring federal constitutional claims via § 1983 against a state agency official. State agencies are not, of course, subject to the requirements of the federal APA, *see* 5 U.S.C. § 701, and claims that a state agency's or official's actions violate the

Constitution are markedly different than claims that a federal agency failed to follow the prescribed APA procedures. The language of "finality" may sometimes be similar, but here the specific question is not the finality of the LDWF actions according to APA standards, but whether the facts forming the basis of Plaintiffs' claims are sufficiently developed so as to allow review of their claims. We agree with the district court that they are not.

With regard to the second prong of the ripeness analysis, the hardship to the parties of withholding review, *see New Orleans Pub. Serv., Inc.*, 833 F.2d at 586, we again agree with the district court that the Plaintiffs cannot point to any hardship resulting from withholding judicial consideration at this stage. A Louisiana forum is already available to determine the propriety of LDWF's actions under Louisiana law. The burdens to all parties would only increase should a federal court conduct parallel proceedings involving some of the same underlying issues as are in dispute in the state court proceeding.

Thus, the district court correctly determined that both the fitness and hardship prongs of the ripeness analysis indicate that Plaintiffs' action is premature and should be dismissed.

### III. Conclusion

For the foregoing reasons, the district court's dismissal of all the claims is AFFIRMED.