# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2018

Lyle W. Cayce
Clerk

No. 17-60845

BOARD OF ALDERMEN OF THE TOWN OF TUTWILER, MISSISSIPPI,

    Plaintiff - Appellant

v.

STATE OF MISSISSIPPI, OFFICE OF THE STATE AUDITOR; BO HOWARD, in his official capacity; ROBERT DAVIS, in his official capacity,

    Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CV-544

Before JONES, BARKSDALE, and WILLETT, Circuit Judges.

PER CURIAM:*

    Underlying this action's being dismissed for lack of standing is the claim by the Board of Aldermen for the Town of Tutwiler, Mississippi, that Mississippi Code Annotated § 45-6-3(d) conflicts with the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206 *et seq.*, concerning payment for the town's part-time law-enforcement officers.  AFFIRMED.

---

    * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-60845

I.

In Mississippi, a part-time law-enforcement officer is defined as, and limited to, receiving compensation of less than $250 a week, or $1,075 a month. Miss. Code Ann. § 45-6-3(d) (statutory maximum). This compensation limit effectively restricts a part-time law-enforcement officer's maximum workweek to less than 40 hours. Violations of this restriction result in personal liability for the aldermen voting to cause the violation, § 45-6-17(2); and they are required to replenish the town's treasury for any costs suffered as a result of the violation, §§ 45-6-17(2), 31-7-57(1). The State of Mississippi, Office of the State Auditor (OSA), must make a demand upon the malfeasant aldermen and their sureties to replenish the town's treasury. *Id.* § 7-7-211(g).

In 2012, Tutwiler's police department consisted of two officers; each held a full-time law-enforcement certificate. In 2013, the police department was increased to seven officers, with only six holding such certificates; the other officer held a part-time law-enforcement certificate. Also beginning in 2013, Tutwiler began the practice of paying a part-time officer more than the statutory maximum. That practice continued until February 2017.

An investigation by OSA determined current and former aldermen caused compensation overpayments to several certified part-time law-enforcement officers for Tutwiler. Accordingly, in May 2017, OSA sent demand letters to those current and former aldermen for recovery of the costs stemming from the violations, pursuant to § 45-6-17(2). OSA also submitted proofs of loss to the surety on the subject public-official bonds.

In response, the board filed this action, seeking declaratory and injunctive relief based on its claim that the statutory maximum, under § 45-6-3(d), as enforced, violates the minimum-wage provision of the FLSA, and is, therefore, void. Following removal to district court, the board filed two amended complaints. The first eliminated the request for injunctive relief; the

2

No. 17-60845

second added a request for a declaration, under state law, "that the Plaintiff and/or its officers, in their official capacities, acted in good faith" in paying certified part-time police officers more than the statutory maximum.

OSA moved to dismiss. As a result, the board moved for sanctions under Federal Rule of Civil Procedure 11 (district court may sanction attorneys or parties who submit pleadings for an improper purpose or that contain frivolous arguments).

The court granted the motion to dismiss, concluding, "[p]laintiff has not demonstrated an actual controversy as would permit this court to exercise jurisdiction", because: OSA was acting on behalf of Tutwiler in accordance with state law and had not demanded repayment from the board itself or the town; there was no merit to the board's claim it was being forced to violate federal minimum-wage law in order to comply with state law; and there was no causation between OSA's enforcement of state law and the board's asserted injury of "being forced to insufficiently staff its police force". *Bd. of Aldermen v. Miss., Office of the State Auditor*, No. 3:17-CV-544-TSL-LRA, 2017 WL 8788322, at *4–5 (S.D. Miss. 21 Nov. 2017). In addition, the court summarily denied the motion for sanctions as "patently without merit". *Bd. of Aldermen*, 2017 WL 8788322, at *5 n.7. The court ordered this action remanded to state court on the board's state-law claim concerning the good faith of its members. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction).

## II.

Primarily at issue is whether the board has standing to pursue this action. Also at issue is the denial of the board's motion for sanctions. Neither issue has merit.

3

No. 17-60845

A.

An action "is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" it. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Federal courts have subject-matter jurisdiction only over a "case" or "controversy". *See* U.S. Const. Art. III, § 2, cl. 1. "To establish a 'case or controversy,' a plaintiff must show that he has standing to sue." *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 173 (5th Cir. 2018) (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992)). And to establish standing, the board must satisfy the well-known requirements of *Lujan*:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly … trace[able] to the challenged action of the defendant, and not … th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560–61 (internal citations omitted). Dismissal for lack of standing is reviewed *de novo*. *OCA-Greater Hous. v. Tex.*, 867 F.3d 604, 610 (5th Cir. 2017) (citation omitted).

The board contends the requisite injury stems from § 45-6-3(d)'s conflict with the FLSA because it results in either the failure to compensate part-time police officers for time worked, in violation of the FLSA, or an inadequately staffed police department, in violation of Mississippi Code Annotated § 21-21-3 ("municipalities shall have the power and authority to employ, regulate and support a sufficient police force . . . ."). OSA counters: the board cannot

4

No. 17-60845

establish any concrete and particularized invasion of a legally-protected interest without demonstrating FLSA violations have occurred; and the board admitted it "compli[ed] with the current law [both federal and state] as applied and enforced".

The board has set up a false dilemma in asserting it cannot comply with both the FLSA and Mississippi Code Annotated §§ 45-6-3(d) and 21-21-3. The board admitted it can comply, and has complied, with both laws. All other asserted injuries arising from compliance with state and federal laws are hypothetical, and, in any case, could be remedied through proper budgeting and scheduling (*e.g.*, more part-time certified police officers may be hired and paid according to Mississippi Code Annotated § 45-6-3(d); full-time certified police officers may be scheduled differently to address the deficiencies caused by scheduling the part-time officers to work less; or the town could coordinate with the sheriff's department to resolve any deficiencies caused by short-staffing).

Along that line, the district court correctly concluded there is no causation between the board's asserted injury of being forced to insufficiently staff a police force and the enforcement of a state law which is claimed to be preempted by the FLSA. It stated: "Rather, the cause of this injury, if any, is the economic reality that a municipality, though its resources and potential applicant pool are limited, must still comply with state law." *Bd. of Aldermen*, 2017 WL 8788322, at *5.

In short, the board has failed to establish injury-in-fact or causation. Accordingly, the requisite controversy and, hence, jurisdiction are lacking.

B.

Regarding the denial of the board's motion for sanctions, rulings under Rule 11 are reviewed for abuse of discretion. *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (citing *Lulirama Ltd., Inc. v. Axcess*

5

*Broad. Servs., Inc.*, 128 F.3d 872, 884 (5th Cir. 1997)).  In that regard, factual findings are reviewed for clear error.  *Id*.

The board's motion for sanctions asserted OSA acted in a "malicious, deceptive, unethical", and harassing manner to intimidate the board, violating all provisions of Rule 11(b).  In support, the board alleged OSA:  "improperly" and "unlawfully" utilized its power to obtain the payment records of the board's counsel in violation of Rule 26 (discovery scope and procedures); "grossly misrepresented its communication with the [board] to the [c]ourt"; "without sufficient factual or legal basis", accused the town's officials of being "corrupt" and "unfaithful"; raised frivolous immunity claims in its motion to dismiss; and "blatantly misstate[d] well-defined law to [the] [c]ourt".  In response, OSA denied all allegations, and stated the board had failed to identify any "pleading, written motion or other paper" presented to the court, as required by Rule 11.

The board asserts the district court abused its discretion by dismissing, in a footnote, the board's motion for sanctions, without providing any factual findings or legal conclusions.  OSA counters that there is no authority to support the board's claim that a district court cannot deny the motion in that fashion.

Because "[t]he [district] court is not required to state findings or conclusions when ruling on a motion", the court did not abuse its discretion by refusing to provide a legal and factual analysis of the motion for sanctions.  Fed. R. Civ. P. 52(a)(3).  In that regard,

> we do not require district courts to make specific findings of fact and conclusions of law in every sanctions case.  The degree and extent to which a specific explanation must be contained in the record on appeal will vary according to the particular circumstances of the case, including the severity of the violation, the significance of the sanctions, and the effect of the award.

*Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 485 (5th Cir. 2002) (footnote omitted).

No. 17-60845

In the light of the above, the board fails to demonstrate why the court was required to provide findings and conclusions. Therefore, its denying the motion as "patently without merit" was not an abuse of discretion.

III.

For the foregoing reasons, as well as essentially for the reasons stated by the district court in its comprehensive and well-reasoned opinion, *Bd. of Aldermen v. Miss., Office of the State Auditor*, No. 3:17-CV-544-TSL-LRA, 2017 WL 8788322 (S.D. Miss. 21 Nov. 2017), the judgment is AFFIRMED.