Teresa BULLARD, Plaintiff,

v.

**TEXAS DEPARTMENT OF AGING & DISABILITY SERVICES, et al., Defendants.**

CIVIL ACTION NO. 6:12cv919

United States District Court, E.D. Texas, Tyler Division.

Filed 12/12/2013

Teresa Bullard, Tyler, TX, pro se.

Melissa Ruth Holman, Texas Attorney General, Austin, TX, for Defendants.

### ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

LEONARD DAVIS, UNITED STATES DISTRICT JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this case has been presented for consideration. The Report and Recommendation (Doc. No. 22) recommends that the claims of Teresa Bullard be dismissed with prejudice. An acknowledgment of receipt card (Doc. No. 24) reveals that Ms. Bullard received the Report and Recommendation on August 5, 2013. On September 11, 2013, Ms. Bullard filed a motion that was construed as a Motion for an Extension of Time to File a Response/Reply to the Report and Recommendation (Doc. No. 27). Due to Ms. Bullard's health concerns, the motion was granted (Doc. No. 30) and she was given until October 18, 2013 to submit her objections to the Report and Recommendation.

On October 29, 2013, Ms. Bullard filed another motion requesting an extension of time to object to the Report and Recommendation (Doc. No. 31). The second extension was also granted and Ms. Bullard was given 15 days from receipt of the Order (Doc. No. 32) to file her objections. An acknowledgement of receipt card (Doc. No. 33) shows that Ms. Bullard received the Order on November 5, 2013. No written objections have been filed. The Court therefore adopts the findings and conclusions of the Magistrate Judge as those of the Court.

In light of the foregoing, it is

**ORDERED** that the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) is **GRANTED** and the claims of Teresa Bullard are **DISMISSED** with prejudice.

Any motion not previously ruled on is **DENIED**.

**So ORDERED.**

### REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

### JUDITH K. GUTHRIE, UNITED STATES MAGISTRATE JUDGE

Plaintiff Teresa Bullard, proceeding *pro se* and *in forma pauperis,* initiated the above-styled lawsuit on December 5, 2012. The matter was referred to the undersigned for all pretrial proceedings in accordance with 28 U.S.C. § 636. Defendants filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in the Alternative, Motion to Quash Service of Process (document # 11), which is the subject of this Report and Recommendation.

#### Background

Plaintiff filed this case using a complaint form for bringing a claim pursuant to Title VII. In her Complaint, Plaintiff states that she was employed by the Texas Department of Aging & Disability ("DADS") at an office located in Tyler, Texas. She states that she is suing as a result of retaliation, a "health condition" Health Insurance Portability and Accountability Act ("HIPAA") violation, a Family and Medical Leave Act ("FMLA") violation, and age discrimination. The named defendants are the Texas Department of Aging & Disability, Lance Duckworth and Velvet Archield.

Plaintiff states that her employment was terminated on August 7, 2012. She does not provide her hire date, but states that the alleged discrimination occurred from May 25, 2011 to September 9, 2012, which is after the termination date provided by Plaintiff. Plaintiff alleges that Defendants filed negative performance ratings on her to keep her from "upgrading." Plaintiff asserts that she filed a complaint with "OIG." She does not explain the basis of the complaint that was filed, but asserts that her complaint was sustained and that she then feared for her job. Plaintiff states that she spent time in the hospital for a health condition during her employment. Plaintiff alleges that, while she was in the hospital, she was questioned by Defendants as to whether she had a diagnosis, she was required to call in to work every day, and she was required to provide proof of being in the hospital. In addition, Plaintiff complains that when her doctor recommended bed rest due to having fluid on her heart and lungs, she was required to provide proof to Defendants that her doctor had ordered bed rest. Plaintiff submits that Defendants violated the FMLA because her supervisor allegedly drove from Longview to Tyler to question Plaintiff's pulmonologist about her health. Plaintiff also claims that Defendants committed age discrimination because Lance Duckworth allegedly asked her if she was

"at [the] point where [she] could not do essential duties." The complaint does not explain what positions were held by defendants Duckworth and Archield at DADS. Plaintiff filed a Charge of Discrimination with the EEOC on May 5, 2012, and received a Dismissal and Notice of Rights that is dated September 5, 2012. This lawsuit followed on December 5, 2012.

Defendants filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in the Alternative, Motion to Quash Service of Process (document #11), on April 9, 2013. Defendants assert that Plaintiff's claims against DADS should be dismissed for insufficient service of process, or, alternatively, Plaintiff's service on DADS should be quashed. Additionally, Defendants assert that they are entitled to Eleventh Amendment immunity from Plaintiff's age discrimination claim brought pursuant to the ADEA, that Plaintiff has not exhausted her administrative remedies with respect to this claim, and that Plaintiff has failed to state a claim under the ADEA. Similarly, Defendants submit that they are entitled to Eleventh Amendment immunity from Plaintiff's FMLA claim brought under the Self Care Clause and that Plaintiff has not stated a claim under the FMLA. As to Plaintiff's assertion that there has been a health condition HIPAA violation, Defendants argue that Plaintiff does not have a private cause of action under HIPAA. Finally, Defendants assert that Plaintiff has not alleged facts stating a Title VII retaliation claim.

After receiving an extension of time to respond to the motion to dismiss, Plaintiff filed a response on June 28, 2013. Plaintiff's response does not address the grounds for dismissal asserted in the motion to dismiss. Instead, Plaintiff simply states that the case should not be dismissed and that her claims should continue. Defendants submitted a reply on July 9, 2013, noting that Plaintiff's response does not provide any factual or legal arguments in response to the motion to dismiss.

### Discussion and Analysis

 Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power,* 536 F.3d 469, 473 (5th Cir.2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998)). A motion to dismiss under Rule 12(b)(1) "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States,* 281 F.3d at 161 (citing *Home Builders Ass'n of Miss.,* 143 F.3d at 1010).

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.,* 599 F.3d 458, 461 (5th Cir.2010); *Ballard v. Wall,* 413 F.3d 510, 514 (5th Cir. 2005). To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n. 5, 167 L.Ed.2d 929 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

### Age Discrimination

Plaintiff alleges that she was subjected to age discrimination. The only statement the Complaint referencing this claim states that Lance Duckworth allegedly asked Plaintiff if she was at the point where she could not do her essential duties. Defendants contend that they are entitled to Eleventh Amendment immunity from Plaintiff's ADEA claim, that Plaintiff has not exhausted her ADEA claim and that she has not alleged sufficient facts stating an ADEA claim.

■ It is noted that Plaintiff names both her employer—DADS—and two individuals—Lance Duckworth and Velvet Archield—as defendants in this case. Presumably, Duckworth and Archield are supervisory employees at DADS. A federal claim against a government employee in her official capacity is the equivalent of a claim made against the governmental entity. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff appears to be suing Duckworth and Archield in their official capacities for actions they took as employees of DADS. An employment discrimination plaintiff may not "maintain a suit against both an employer and its agent" acting in her official capacity because the employer could be held liable twice for the same act. *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir.1999).

■ DADS is a state agency that may not be sued in federal court, pursuant to the Eleventh Amendment, unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999); *Vogt v. Bd. of Comm'rs,* 294 F.3d 684 (5th Cir.2002). The Eleventh Amendment divests federal courts of jurisdiction to entertain citizen lawsuits directed against non-consenting states. *See, e.g., Kimel v. Florida Board of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 640, 145 L.Ed.2d 522 (2000); *Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 110 S.Ct. 1868, 109 L.Ed.2d 264 (1990). Congress may abrogate the States' sovereign immunity pursuant to its § 5 enforcement power, but Congress must both unequivocally express its intent to abrogate the immunity and Congress must act pursuant to a valid exercise of power. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The Supreme Court has held that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment and does not validly abrogate the states' Eleventh Amendment immunity from suit. *Kimel v. Florida Board of Regents,* 528 U.S. at 62,

120 S.Ct. at 650. As a result, Plaintiff's ADEA claim should be dismissed for lack of subject matter jurisdiction.

 Even if Plaintiff's ADEA claim were not barred by Eleventh Amendment immunity, it should be dismissed for failure to exhaust administrative remedies. Plaintiff's charge of discrimination filed with the EEOC alleges only discrimination based on a disability and retaliation. "A charge of discrimination must be timely filed with the EEOC prior to the initiation of a civil action under the ADEA." *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir.1988). Plaintiff did not present her ADEA age discrimination claim to the EEOC and it should be dismissed.

Further, even if Plaintiff's ADEA was not barred by Eleventh Amendment immunity and had been exhausted, Plaintiff has not alleged facts that are sufficient to state a claim to relief pursuant to the ADEA that is plausible on its face. The ADEA provides that it "shall be unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age" or to "limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. § 623(a)(1) & (2). Plaintiff has not alleged any facts that would show that she suffered an adverse employment action that was motivated by her age. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *see also, Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 308–09 (5th Cir.2004). Plaintiff has not pleaded sufficient facts to state a claim for age discrimination.

### *FMLA Violation*

Plaintiff alleges that her FMLA rights have been violated because her supervisor allegedly went to her doctor to ask questions about her health condition, she was questioned about whether she had a diagnosis, she was required to call in to work while she was in the hospital and she was required to provide a doctor's note for time off of work. Defendants contend that they are also entitled to Eleventh Amendment immunity from Plaintiff's FMLA claim.

 Plaintiff's FMLA claim concerns leave for her own serious health condition. As a result, her claim falls under 29 U.S.C. 2612(a)(1)(D) ("Self–Care Clause"). As with the ADEA, the Supreme Court has held that the self-care provision of the FMLA, standing alone, is not a valid abrogation of the States' immunity from a suit for money damages. *Coleman v. Court of Appeals of Maryland*, —— U.S. ——, 132 S.Ct. 1327, 1334, 182 L.Ed.2d 296 (2012). Defendants are entitled to Eleventh Amendment immunity from Plaintiff's FMLA claim. This claim should be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

 Even if Plaintiff's FMLA claim were not barred by Eleventh Amendment immunity, Plaintiff has not alleged facts stating a viable claim under the FMLA. Pursuant to the FMLA, an eligible employee is entitled to a total of twelve weeks of leave during any twelve-month period if she has a serious health condition that makes her unable to perform the functions of her position. 29 U.S.C. § 2612(a)(1)(D). In this case, Plaintiff does not allege that she was denied leave for a serious health condition. Instead, she alleges that her rights were somehow interfered with because her supervisor required her to call in and present documentation supporting her

assertion that she needed leave. The FMLA "protects employees from interference with their leave as well as against discrimination or retaliation for exercising their rights." *Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir.1998); *see* 29 U.S.C. § 2615(a) (covered employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any [FMLA leave] right," or otherwise "discriminate against any individual for opposing any [FMLA-prohibited] practice"). Plaintiff has not presented any factual allegations that would support a claim for interference with her FMLA rights in violation of 29 U.S.C. § 2615(a).

### HIPAA Violation

 Plaintiff contends that Defendants violated HIPAA. HIPAA, however, does not provide a private cause of action. *Roberts v. Unitrin Specialty Lines Ins. Co.*, 405 Fed.Appx. 874, 882 (5th Cir.2010) (*citing Acara v. Banks*, 470 F.3d 569, 572 (5th Cir.2006). Plaintiff's HIPAA claim should be dismissed.

### Retaliation

 The final claim asserted in the Complaint is retaliation. Plaintiff alleges that she filed a complaint with the OIG and then feared for her job. No other facts are provided concerning this claim. A plaintiff alleging retaliation must show that: (1) she participated in a Title VII protected activity, (2) she suffered an adverse employment action by her employer, and (3) that there is a causal connection between the protected activity and the adverse action. *Stewart v. Mississippi Transportation Commission*, 586 F.3d 321, 331 (5th Cir.2009). While not limited to ultimate employment decisions, "[t]he antiretaliation provisions protect an individual not from all retaliation, but from retaliation that produces an injury or

harm." *Burlington Northern & Santa Fe Railway Co.*, 548 U.S. 53, 67, 126 S.Ct. 2405, 2414, 165 L.Ed.2d 345 (2006). To be an adverse employment action for purposes of establishing retaliation, the action must be "materially adverse." *Id.* at 68, 126 S.Ct. at 2415. A plaintiff must show "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* "[P]etty slights or minor annoyances that often take place at work and that all employees experience," which may include personality conflicts and "snubbing," are not actionable. *Id.*

In this case, Plaintiff's complaint states that after filing a complaint with OIG, she "feared for" her job. The Complaint does not identify an adverse employment action that occurred after she filed her complaint with the OIG or provide any basis for establishing a causal link between the filing of her OIG complaint and an adverse employment action. The pleadings do not meet the minimum requirements to state a retaliation claim and do not give Defendants fair notice as to the basis of Plaintiff's retaliation claim. The undersigned is mindful that Plaintiff is proceeding *pro se* in this matter and that her pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir.2002). Plaintiff was put on notice, however, that her retaliation claim was deficient when Defendants asserted in their motion to dismiss that she had not alleged facts sufficient to state a claim for retaliation. She had an opportunity to respond to those assertions and, instead, filed a bare statement that her claims should not be dismissed. Plaintiff has not stated a claim upon which relief may be granted and her retaliation claim should be

dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

As a result of the foregoing discussion and analysis, the undersigned does not reach the issue as to whether service was insufficient. Plaintiff's ADEA and FMLA claims are barred by Eleventh Amendment immunity. Plaintiff does not have a private cause of action pursuant to HIPAA and Plaintiff has not alleged facts stating a viable retaliation claim. The motion to dismiss should be granted and the complaint should be dismissed with prejudice.

## RECOMMENDATION

It is hereby recommended that the Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (document # 11) be granted and that the complaint be dismissed with prejudice.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.,* 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc* ), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So **ORDERED** and **SIGNED** this **21** day of **July, 2013.**